UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER STOKES                               CIVIL ACTION

VERSUS                                           NO: 14-1538

FREEPORT MCMORAN C&G, INC., ET AL.               SECTION: "J"(1)

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* (**Rec. Doc. 91**) filed by Defendant, Freeport-McMoRan Oil & Gas, LLC ("Freeport"), a *Motion for Summary Judgment* (**Rec. Doc. 92**) filed by Defendant, Danos & Curole Marine Contractors, L.L.C. ("Danos"), a *Motion to Adopt Motion for Summary Judgment Filed by Freeport* (**Rec. Doc. 94**) filed by Defendant, Burner Fire Control, Inc. ("Burner"),[1] and an *Opposition* thereto (**Rec. Doc. 100**) by Plaintiff, Christopher Stokes ("Plaintiff"). Also before the Court are *Motions for Leave to File Reply* filed by Danos and Freeport **(Rec. Doc. 106)** and Burner **(Rec. Doc. 107)**. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the

---

[1] Burner also filed its own *Motion for Summary Judgment* **(Rec. Doc. 93)**, which is set for submission on December 16, 2015.

1

motions filed by Freeport and Burner should be **DENIED**, and the motion for summary judgment filed by Danos should be **GRANTED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter involves claims for alleged injuries incurred by Plaintiff aboard the Marlin Industrial Work Platform (the "Marlin platform"), located at Vioska Knoll 915 in the Gulf of Mexico. At the time of the incident, Plaintiff was employed as a rigger by Fluid Crane and Construction, Inc. ("Fluid Crane") and was assigned to perform duties aboard the Marlin platform. On or about February 4, 2014, Plaintiff alleges that he fell aboard the deck of platform and sustained severe injuries. Plaintiff further contends that his fall was caused by "tripping hazards" which were on board the deck of the platform. (Rec. Doc. 1, at 3).

Plaintiff filed the present lawsuit in this Court on July 2, 2014, alleging that his accident was caused by the negligence of several defendants, including Freeport, Danos, and Burner. Plaintiff alleged that Freeport was either an owner and/or an operator of the platform on which he was injured. Plaintiff alleged that both Danos and Burner were either owners and/or operators of the platform, or entities that had contracted to perform work on the platform.

Freeport filed the instant motion on November 6, 2015, seeking summary judgment in its favor and dismissal from the action. On the same day, Danos filed its Motion for Summary Judgment. Burner filed a motion to adopt Freeport's motion on November 17. On November 24, Plaintiff opposed these motions.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury

could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish

a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. Motion for Summary Judgment Filed by Danos

In its *Motion for Summary Judgment*, Danos argues that Plaintiff has not produced any evidence that shows it negligently caused his injuries. Danos contends that it engaged Plaintiff in extensive formal discovery to determine what negligent acts or omissions it allegedly committed. According to Danos, it propounded interrogatories upon Plaintiff, seeking the facts underlying Plaintiff's claim against Danos. Plaintiff refused to answer the questions, claiming they sought attorney work product. Danos filed a Motion to Compel Discovery Responses, which this Court granted in part and denied in part on August 5, 2014. (Rec. Doc. 77.) The Magistrate Judge ordered Plaintiff to submit to a deposition and to respond to the interrogatories by October 7, 2015. Danos claims that Plaintiff never submitted the mandated responses. Further, in his deposition, Plaintiff admitted that he did not possess any information regarding Danos' potential liability. (Rec. Doc. 92-4, at 3.)

In his opposition, Plaintiff failed to provide any evidence indicating Danos' liability. Instead, Plaintiff focused on the

5

liability of Freeport and Burner. Because Plaintiff failed to produce any evidence against Danos, a reasonable finder of fact could not find in Plaintiff's favor. Thus, Danos' *Motion for Summary Judgment* should be granted.

**B. Motion for Summary Judgment Filed by Freeport and Adopted by Burner**

In its Motion for Summary Judgment, Freeport argues: (1) that the platform on which Plaintiff was injured is adjacent to Alabama, and thus Alabama law applies under the Outer Continental Shelf Lands Act ("OCSLA"); (2) Plaintiff has not produced any evidence of Freeport's liability; (3) Under Alabama state law, Freeport did not owe a duty to Plaintiff; and (4) Plaintiff contributed to his injuries, which is a complete bar to recovery under Alabama law.

**1. Applicable Law under the OCSLA**

First, the Court finds that there is a genuine issue of material fact as to which state's laws apply under the OCSLA. Federal law provides that structures on the Outer Continental Shelf, including oil platforms, are covered by federal law. *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 356-357 (1969). However, the law of the adjacent state supplements federal law when the federal law contains gaps. *Id.* at 357. Here, the parties agree that Plaintiff's claim arises under the OCSLA, and Plaintiff concedes that the

Marlin platform is a fixed OCSLA situs. However, Plaintiff argues that Louisiana law applies, while Freeport argues that Alabama law applies.

To determine which state's law applies to an offshore platform, the Fifth Circuit considers: "(1) geographic proximity; (2) which coast federal agencies consider the subject platform to be 'off of'; (3) prior court determinations; and (4) projected boundaries." *Snyder Oil Corp. v. Samedan Oil Corp.*, 208 F.3d 521, 524 (5th Cir. 2000) (citing *Reeves v. B&S Welding, Inc.*, 897 F.2d 178 (5th Cir. 1990)). Here, Freeport relies entirely on previous court decisions holding that the Marlin platform was adjacent to Alabama. (*See* Rec. Doc. 91-3, at 5-6.) Freeport did not submit any independent evidence on geographic proximity, federal agency determinations, or projected boundaries. Instead, Freeport cited a case decided by the Southern District of Texas in 2014 and encouraged this Court to adopt the findings of the Southern District. *See Danos & Curole Marine Contractors, Inc. v. BP Am. Prod. Co.*, 61 F. Supp. 679 (S.D. Tex. 2014).

This Court must consider evidence of geographic proximity, federal agency determinations, and projected boundaries. The decisions of other courts are only one factor in the analysis. Without seeing the evidence on which the Southern District of Texas

7

relied, this Court cannot determine whether Alabama law applies. Thus, Freeport has not shown that there is no genuine issue of material fact as to the applicable law.

### 2. Evidence of Freeport's Liability

Second, Freeport argues generally that Plaintiff has not produced any evidence of its liability. Freeport points to an interrogatory it propounded on Plaintiff, which asked for the factual basis of Plaintiff's claims of Freeport's negligence. According to Freeport, Plaintiff has yet to respond to this interrogatory. Also, Plaintiff stated in a deposition that he did not have any evidence of Freeport's negligence. Specifically, Freeport argues that it owed no duty to Plaintiff under Alabama law and therefore cannot be liable to Plaintiff.

Plaintiff's Complaint named Freeport as either an owner or operator of the platform on which Plaintiff was injured. (Rec. Doc. 2, at 2.) Freeport argues that it did not owe a duty to Plaintiff because Alabama law provides that "a premise owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of work on the contract," unless the premise owner retains the right to control the manner of performance of the work. *Weeks v. Ala. Elec. Co-op, Inc.*, 419 So. 2d 1381, 1383 (Ala. 1982). No duty arises

8

when "the owner merely retains the right to supervise or inspect work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications, and retains the right to stop work that is not properly done." *Id.*

The parties do not dispute that Plaintiff was injured while working for an independent contractor, Fluid Crane. However, the parties dispute whether Freeport exercised any control over Fluid Crane's work. Assuming without deciding that Alabama law applies, Plaintiff has shown the existence of a genuine issue of material fact as to whether Freeport owed a duty to Plaintiff.

In support of its argument that Freeport did not control Fluid Crane's work, Freeport points to the Master Service Contract. The contract provides that Fluid Crane retains responsibility for the supervision and control of its employees and for determining the manner of performance of the work. (Rec. Doc. 45-5, at 1.) Freeport also argues that Fluid Crane's rigger foreman, Derrick Bentley, testified in a deposition that he decided where all staging parts would be positioned. (Rec. Doc. 91-4, at 12-13.) Fluid Crane's offshore superintendent, Daniel Huffman, stated that Fluid Crane directed its employees' activities, and Freeport did not. (Rec. Doc. 91-4, at 27-28.)

9

Plaintiff argues that Freeport retained some control over Fluid Crane's activities. In support, Plaintiff quotes the Master Service Contract, which provides that Freeport is responsible for designating places for contractors to pile excess or unused material. (Rec. Doc. 45-5, at 1.) Plaintiff contends that he tripped over material misplaced by Burner, another contractor working on the Marlin platform and subject to the Master Service Contract. (Rec. Doc. 100, at 7.) Because Freeport exercised control over the placement of excess materials, Freeport may have owed a duty to Plaintiff to ensure that the materials were not negligently placed. Thus, Plaintiff has alleged a genuine issue of material fact as to the existence of a duty owed to Plaintiff.

Summary judgment is also inappropriate because the parties dispute the applicable law. Louisiana law provides that "a premise owner is not vicariously liable for the negligence of an independent contractor unless the owner retained control over the contractor's work or expressly or impliedly approved its unsafe work practice that led to an injury." *Thomas v. A.P. Green Industries, Inc.*, 2005-1064, p. 8 (La. App. 4 Cir. 5/31/06); 933 So. 2d 843, 852. However, the independent contractor defense bars only a vicarious liability claim, not a direct liability claim arising out of a premise owner's negligence. *Id.* If Louisiana law

10

applies, as Plaintiff contends, summary judgment is inappropriate because Plaintiff's direct liability claim against Freeport is not barred by the independent contractor defense.

### 3. Plaintiff's Contribution to His Injuries

Finally, Freeport contends that Plaintiff negligently contributed to his own injuries, thereby precluding his recovery under Alabama law. Alabama law provides that a plaintiff cannot recover for a defendant's negligence where the plaintiff's own negligence proximately contributed to his injuries. *Brown v. Piggly-Wiggly Stores*, 454 So. 2d 1370, 1372 (Ala. 1984). In contrast, Louisiana law provides, "If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss." La. Civ. Code art. 2323. Because a genuine issue exists as to the applicable law, a genuine issue exists as to Plaintiff's ability to recover if his negligence is found to have contributed to his own injuries.

Therefore, Freeport's *Motion for Summary Judgment* should be denied. Because Burner's motion seeks to adopt the reasoning of Freeport's motion, it should also be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Danos' *Motion for Summary Judgment* (**Rec. Doc. 92**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Freeport's *Motion for Summary Judgment* **(Rec. Doc. 91)** is **DENIED**.

**IT IS FURTHER ORDERED** that Burner's *Motion to Adopt Motion for Summary Judgment of Freeport* **(Rec. Doc. 94)** is **DENIED**.

**IT IS FURTHER ORDERED** that the *Motions for Leave to File Reply* filed by Burner **(Rec. Doc. 107)** and Freeport and Danos **(Rec. Doc. 106)** are **DENIED** as moot.

New Orleans, Louisiana this 2nd day of December, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT COURT