```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER STOKES                         CIVIL ACTION

VERSUS                                     NO: 14-1538

FREEPORT-MCMORAN, INC., ET                 SECTION: "J"(1)
AL.
```

## ORDER AND REASONS

Before the Court are a *Motion for Reconsideration of Burner Fire Control's Motion to Adopt Motion for Summary Judgment* (**Rec. Doc. 114**) and a *Motion for Expedited Hearing* **(Rec. Doc. 111)** on the foregoing motion, both filed by Defendant, Burner Fire Control, Inc. ("Burner"). Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter involves claims for alleged injuries incurred by Plaintiff, Christopher Stokes ("Plaintiff"), aboard the Marlin Industrial Work Platform (the "Marlin platform"), located at Vioska Knoll 915 in the Gulf of Mexico. At the time of the incident, Plaintiff was employed as a rigger by Fluid Crane and Construction, Inc. ("Fluid Crane") and was assigned to perform duties aboard the Marlin platform. On or about February 4, 2014, Plaintiff alleges

1

that he fell aboard the deck of platform and sustained severe injuries. Plaintiff further contends that his fall was caused by "tripping hazards" which were on board the deck of the platform. (Rec. Doc. 1, at 3).

Plaintiff filed the present lawsuit in this Court on July 2, 2014, alleging that his accident was caused by the negligence of several defendants, including Burner and Freeport McMoran C&G, Inc. ("Freeport"). Plaintiff alleged that Freeport was either an owner and/or an operator of the platform on which he was injured. Plaintiff alleged that Burner was either an owner and/or operator of the platform, or entity that had contracted to perform work on the platform.

Freeport filed a motion for summary judgment on November 6, 2015. Freeport argued that (1) that the platform on which Plaintiff was injured is adjacent to Alabama, and thus Alabama law applies under the Outer Continental Shelf Lands Act ("OCSLA"); (2) Plaintiff did not produce any evidence of Freeport's liability; (3) Under Alabama state law, Freeport did not owe a duty to Plaintiff; and (4) Plaintiff contributed to his injuries, which is a complete bar to recovery under Alabama law. Burner filed a motion to adopt Freeport's motion on November 17. On December 2, the Court

denied these motions. (Rec. Doc. 109.) The Court found genuine issues of material fact existed as to the applicable law.

Burner filed the instant *Motion for Reconsideration* on December 4, 2015. In its motion, Burner argues that, even if Louisiana law applies, it is entitled to summary judgment.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). *Id.;* FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). *Id.;* FED. R. CIV. P. 60(c). In the present case, Burner's *Motion for Reconsideration* (Rec. Doc. 114) was filed on December

4, 2015, which is within twenty-eight days from the order (of December 2, 2015) denying Burner's *Motion to Adopt the Motion for Summary Judgment of Freeport*. As a result, Burner's *Motion for Reconsideration* is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to

4

a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## **DISCUSSION**

Burner's *Motion for Reconsideration* contends that the Court erred in failing to apply Louisiana law to Burner's claims. (Rec. Doc. 110-1, at 2.) While the Court's previous Order and Reasons did not fully discuss Burner's liability under Louisiana law, the

5

Court's ultimate denial of Burner's motion was legally correct. Burner argues that, even if Louisiana law applies, it cannot be held liable for Plaintiff's injury. Under Louisiana law, according to Burner, an owner is not subject to premise liability when the employee of an independent contractor is injured, unless the owner exercised control over the contractor's work.

First, Burner misstates the law. As the Court explained in its December 2, 2015 Order and Reasons, Louisiana law provides that "a premise owner is not *vicariously* liable for the negligence of an independent contractor unless the owner retained control over the contractor's work or expressly or impliedly approved its unsafe work practice that led to an injury." *Thomas v. A.P. Green Industries, Inc.*, 2005-1064, p. 8 (La. App. 4 Cir. 5/31/06); 933 So. 2d 843, 852 (emphasis added). However, the independent contractor defense bars only a vicarious liability claim, not a direct liability claim arising out of a premise owner's negligence. *Id.* If Louisiana law applies, Plaintiff's direct liability claim against Burner is not barred by the independent contractor defense.

Second, even if Burner's explanation of Louisiana law were correct, Burner erroneously asserts that Plaintiff is seeking to hold it liable as owner of the Marlin platform. Instead, Plaintiff sued Burner as a fellow independent contractor. (*See* Rec. Doc. 1,

6

at 2.) An independent contractor owes its fellow contractors a duty to exercise reasonable care. *Joyner v. Ensco Offshore Co.*, No. 99-3754, 2001 WL 118599, at *3 (E.D. La. Feb. 9, 2001). As the Louisiana First Circuit Court of Appeal explained, an independent contractor owes to a fellow contractor "the duty to refrain from gross, willful[,] or wanton negligence," at the least, and "the duty to refrain from creating an unreasonable risk of harm or a hazardous condition," at the most. *Lafont v. Chevron, U.S.A.*, 593 So. 2d 416, 420 (La. Ct. App. 1991). An independent contractor's duty ceases when it has "completed a project [and] left the work-site" and the owner has "inspected the work[-]site and accepted the work-site, as is." *Reeves v. Pat Tank, Inc.*, No. 08-541, 2010 WL 173603, at *5 (W.D. La. Jan. 19, 2010).

Burner is not entitled to summary judgment because genuine issues of material fact remain. Plaintiff contends that Burner's employees left pipe supports in the walkway, causing Plaintiff to trip and fall. (Rec. Doc. 100, at 7.) While not dispositive, the depositions of Fluid Crane employees Derrick Bentley, Daniel Huffman, and Ryan Norton support this contention. (Rec. Doc. 100-3, at 3-4; Rec. Doc. 100-4, at 3; Rec. Doc. 100-5, at 6.) Plaintiff has produced evidence suggesting that Burner failed to act with reasonable care. Because Burner has not refuted that evidence,

7

genuine issues of fact remain as to whether Burner exercised reasonable care. For these reasons, Burner has not shown an error of law that entitles it to summary judgment. Thus, its *Motion for Reconsideration* should be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Burner's *Motion for Reconsideration* **(Rec. Doc. 114)** is **DENIED**. Burner's *Motion to Expedite* **(Rec. Doc. 111)** is **DENIED** as moot.

New Orleans, Louisiana this 7th day of December, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT