UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER STOKES | CIVIL ACTION |
| VERSUS | NO: 14-1538 |
| FREEPORT MCMORAN C&G, INC., ET AL. | SECTION: "J"(1) |

**ORDER AND REASONS**

Before the Court is a *Motion in Limine to Exclude All of Plaintiff's Experts for Failure to Comply with the Court's Scheduling Order* (**Rec. Doc. 85**) filed by Defendant, Burner Fire Control, Inc. ("Burner") and an opposition thereto **(Rec. Doc. 121)** filed by Plaintiff, Christopher Stokes ("Plaintiff"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED IN PART AND DENIED IN PART.**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This matter involves claims for alleged injuries incurred by Plaintiff aboard the Marlin Industrial Work Platform, located at Vioska Knoll 915 in the Gulf of Mexico. Plaintiff filed the present lawsuit in this Court on July 2, 2014, alleging that his accident was caused by the negligence of several defendants, including

1

Burner. On March 6, 2015, the Court held a scheduling conference with the parties. The resulting order provided, *inter alia*, "Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for plaintiff shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **OCTOBER 7, 2015**." (Rec. Doc. 36) (emphasis in original). The order also specified, "The Court will not permit any witness, expert or fact, to testify or exhibits to be used unless there has been compliance with this Order as it pertains to the witness." *Id.*

Burner filed the instant motion on November 6, 2015, alleging that Plaintiff failed to provide any written expert reports.[1] Burner requested that this Court "strike any allegations of economic loss contained within in any pleadings, strike the deposition testimony of any alleged economic loss from the any depositions, and . . . exclude any testimony thereof at the . . . trial of this matter of any person . . . ." (Rec. Doc. 85-1.) Also, Burner asked this Court to "strike any evidence of any accident causation, preventative measures, job safety analysis, etc. either in form of depositions, live testimony, [or] reports . . . ."

---

[1] Burner's motion focuses on Plaintiff's failure to provide written expert reports of economists, vocational experts, and safety experts. In a telephone status conference with the Court on December 1, Plaintiff's counsel clarified that he provided medical expert reports.

2

Plaintiff missed the deadline to file opposition in this matter. However, on December 7, this Court granted leave for Plaintiff to file his opposition. (Rec. Doc. 121.)

## LEGAL STANDARD AND DISCUSSION

The Federal Rules of Civil Procedure grant district courts the power to "control and expedite the discovery process through a scheduling order." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see* Fed. R. Civ. P. 16. Rule 16 also allows a court to exclude expert testimony or strike pleadings if a party fails to comply with a deadline imposed by a scheduling order. Fed. R. Civ. P. 16(f)(1); *see* Fed. R. Civ. P. 37(b)(2)(A).

District courts have broad discretion to award sanctions for violations of pre-trial or scheduling orders. *Barrett*, 95 F.3d at 380. The Fifth Circuit reviews such sanctions for abuse of discretion. *Id.* To determine whether the district court abused its discretion, the Fifth Circuit considers: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Id.*

First, Plaintiff's opposition explains his failure to comply with the scheduling order. Plaintiff contends that he needs to undergo certain surgical procedures as a result of his injuries. According to Plaintiff, he must wait until after the surgery to hire an economist and a vocational rehabilitation expert. Because he has not had surgery yet, Plaintiff argues that his future damages are speculative. Plaintiff does not explain why he did not seek an extension of the deadline if he was unable to comply.

Second, Burner and the other defendants are prejudiced by Plaintiff's failure to provide expert reports. In a similar case before this Court, a defendant provided expert witness reports two months after the deadline. *Standard Servs. Co. v. Witex USA, Inc.*, 02-537, 2003 WL 2004442, at *2 (E.D. La. April 30, 2003). This Court found that the delay prejudiced the other parties. *Id.* at *2-3. Here, the deadline passed two months ago on October 7, 2015. Plaintiff has not produced any economic or vocational expert reports. Trial is scheduled for January 25, 2016, in fewer than two months. Therefore, Burner and the other parties are prejudiced by Plaintiff's failure to comply with the scheduling order.

Third, the prejudice cannot be cured by a continuance of the trial date. Plaintiff filed suit on July 2, 2014. The parties are preparing for trial on January 25, 2016, and a continuance would

create an unnecessary, additional delay. Also, Plaintiff previously requested a continuance of the trial date, which this Court denied. (Rec. Doc. 104.) Granting a continuance now would only serve to reward Plaintiff for missing the discovery deadline. "[A] continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett,* 95 F.3d at 381 (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990)).

As Burner points out, economic and vocational expert testimony is important to Plaintiff's claim for past, present, and future lost wages. (Rec. Doc. 85-1.) However, even though such testimony is central to Plaintiff's claim, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Barrett,* 95 F.3d at 381 (quoting *Geiserman,* 893 F .2d at 792)). Also, because the testimony is so important, Plaintiff should have sought an extension of the deadline. The importance of expert testimony is outweighed by Plaintiff's failure to deliver expert reports before the deadline in October. Therefore, Plaintiff is precluded from introducing vocational, economic, or safety expert witness testimony at trial, in accordance with this Court's scheduling order.

Burner also requested that this Court exclude the testimony of any person on the subject of economic loss. However, Plaintiff only failed to comply with the expert witness deadline. The scheduling order also provided, "Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify on trial, and all exhibits that may or will be used, not later than **NOVEMBER 6, 2015**." (Rec. Doc. 36) (emphasis in original). Because Plaintiff filed his witness and exhibit lists before the deadline, he will be permitted to call any person listed therein as a fact witness. (Rec. Doc. 89; Rec. Doc. 90.)

Burner's other requests for relief are severe sanctions that are not warranted by the circumstances. Striking pleadings is an extreme measure that generally requires a finding of bad faith or willful misconduct. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Burner has not alleged that Plaintiff acted in bad faith or that he willfully missed the deadline.

Moreover, Burner argues that its requested relief should be granted because "without corroboration by any other source, [P]laintiff's own self-serving testimony cannot serve as a basis for any type of forensic economic past, present, or future loss." (Rec. Doc. 85-1, at 2.) In essence, Burner asserts that only expert

6

testimony can prove Plaintiff's lost wages claim. In his opposition, Plaintiff argues that his own testimony can support an award for damages.

Burner's requested relief will not be granted because Plaintiff may use other types of testimony to establish his past, present, and future economic losses, including lay testimony.[2] Louisiana appellate courts are split on whether vocational expert testimony is required to establish future earning capacity, but the Louisiana Supreme Court has permitted awards for loss of earning capacity both with and without testimony from economic and vocational experts. *Rea v. Wis. Coach Lines, Inc.*, 12-1252, 2014 WL 503951, at *3 (E.D. La. Oct. 8, 2014).

Courts of this district have allowed plaintiffs to introduce the following evidence in lieu of expert testimony: (1) the Plaintiff's testimony as to the injury and employment history; (2) U.S. Department of Labor statistics reports on the consumer price index; (3) U.S. Department of Commerce statistics on life expectancy; and (4) tax records detailing the compensation earned while employed. *Barocco*, 2003 WL 1342973, at *2. Thus, "a

---

[2] The Court does not reach the issue of whether state law controls the type of evidence admissible to prove this claim in a case arising under the Outer Continental Shelf Lands Act. However, like other courts of this district, the Court assumes that Louisiana state law is relevant. *See Barocco v. Ennis Inc. of Colorado*, 02-1450, 2003 WL 1342973, at *1 (E.D. La. March 19, 2003).

vocational expert is [not] an absolute prerequisite to prove a loss of future earning capacity." *Id.* Similarly, with respect to economic experts, "fact-finders are often called upon to discount loss-of-future-earnings awards . . . [and] jury instructions are available to assist in making such a determination." *Id.* Thus, Plaintiff may be able to prove his claim without introducing expert testimony from vocational and economic experts.

Burner's request for the exclusion of Plaintiff's economic, vocational, and safety expert witnesses is **GRANTED**. However, Plaintiff may introduce testimony from his medical experts and fact witnesses. Plaintiff is not precluded from introducing other evidence to prove his lost wages claim. Burner's other requests for relief are **DENIED**.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Burner's *Motion in Limine* **(Rec. Doc. 85)** is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana this 8th day of December, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT COURT

8