```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

CHRISTOPHER STOKES                                CIVIL ACTION

VERSUS                                            NO: 14-1538

FREEPORT MCMORAN C&G, INC., ET AL.                SECTION: "J"(1)

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* (**Rec. Doc. 93**) filed by Defendant and Cross-Claimant, Burner Fire Control, Inc. ("Burner"), and oppositions thereto filed by Defendant and Cross-Defendant Freeport-McMoRan Oil & Gas, LLC ("Freeport") **(Rec. Doc. 123)** and Plaintiff Christopher Stokes ("Plaintiff") **(Rec. Doc. 128)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter involves claims for alleged injuries incurred by Plaintiff aboard the Marlin Industrial Work Platform (the "Marlin platform"), located at Vioska Knoll 915 in the Gulf of Mexico. At the time of the incident, Plaintiff was employed as a rigger by Fluid Crane and Construction, Inc. ("Fluid Crane") and was assigned to perform duties aboard the Marlin platform. On or about February

1

4, 2014, Plaintiff alleges that he fell aboard the deck of platform and sustained severe injuries.

Plaintiff filed the present lawsuit in this Court on July 2, 2014, alleging that his accident was caused by the negligence of several defendants, including Freeport and Burner. Plaintiff alleged that Freeport was either an owner and/or an operator of the platform on which he was injured. Plaintiff alleged that Burner was either an owner and/or operator of the platform, or an entity that had contracted to perform work on the platform. On May 6, 2015, Burner filed a cross-claim against Freeport, arguing that Freeport was obligated to defend and indemnify Burner pursuant to the Master Service Contract between them. (Rec. Doc. 47.)

Burner filed the instant motion on November 16, 2015, seeking summary judgment in its favor on its claims for defense and indemnity from Freeport. On December 7, Freeport filed its opposition. Plaintiff filed his opposition on December 8.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R.

Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

3

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

In its Motion for Summary Judgment, Burner argues: (1) that Alabama law applies in this case under the Outer Continental Shelf Lands Act ("OCSLA") and (2) that Freeport is obligated to defend and indemnify Burner under the terms of the Master Service Contract and under Alabama law. First, this Court previously found that a genuine issue of material fact exists as to which state's laws apply under the OCSLA. (Rec. Doc. 109.) As Freeport points out, the underlying law is important to the enforceability of the indemnity clause. Under Alabama law, indemnity agreements are usually enforced. However, the Louisiana Oilfield Indemnity Act,

4

Louisiana Revised Statute 9:2780 *et seq.*, serves to invalidate indemnity agreements in oilfield contracts.[1] Thus, because the underlying law is uncertain, genuine issues of material fact exist, precluding summary judgment.

Moreover, the provisions of the contract cited by Burner do not necessarily entitle it to summary judgment. Viewing the facts in the light most favorable to Freeport, the nonmovant, genuine issues of material fact remain.

Burner claims that the following contractual language entitles it to summary judgment:

> Company agrees to defend, indemnify, and hold Contractor Group harmless from and against any and all loss, claim, demand, fine, penalty, liability, or cause of action of every kind and character, on account of bodily injury to, illness or death of *any employee, agent, or representative of Company Group* . . . regardless of the

---

[1] "Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee." La. Stat. Ann. § 9:2780.

    cause of such property damage, injury, illness, or death.

(Rec. Doc. 93-1, at 6) (emphasis added). According to Burner, the contract defines "Contractor Group" as "Contractor, its parent, subsidiary and affiliated companies, and Contractor's subcontractors of any tier . . . and each of their respective insurers, officers, directors, and employees." *Id.* Burner's motion provides that "Company Group" means "Company, its parent, subsidiary, and affiliated companies, and their co-lessees, partners, joint venturers, and co-owners, *and contractors of any tier, excluding Contractor hereunder (inclusive of any agent, consultant, or contractor engaged by Company other than any member of the Contractor Group) . . . .*" (Rec. Doc. 93-1, at 5-6) (emphasis added). Burner argues that it is a member of the Contractor Group and that Plaintiff in an employee of the Company Group because he worked for a contractor engaged by Freeport. Thus, Burner argues that Freeport must defend and indemnify it for Plaintiff's injury.

    In its opposition, Freeport recites different contractual language. According to Freeport, the contract defines "Company Group" as "Company [Freeport], its parent, subsidiary and affiliated companies, and their co-lessees, partners, joint venturers, and co-owners, and each of their respective insurers, officers, directors, and employees . . . ." (Rec. Doc. 123-1, at

6

4) (brackets in original). This language does not include Freeport's contractors in the "Company Group." Thus, the indemnity clause would not cover an injury to Plaintiff, an employee of Freeport's contractor Fluid Crane.

The copies of the Master Service Contract attached to Freeport's opposition (Rec. Doc. 123-3) and to Burner's cross-claim against Freeport (Rec. Doc. 47-3) suggest that the language quoted by Freeport is correct. Because the language of the agreement is uncertain, genuine issues of material fact exist. Thus, Burner is not entitled to summary judgment on its cross-claim.

**RECOMMENDATION:**

Accordingly,

**IT IS HEREBY ORDERED** that Burner's *Motion for Summary Judgment* **(Rec. Doc. 93)** is **DENIED**.

New Orleans, Louisiana this 16th day of December, 2015.

                                                          CARL J. BARBIER
                                             UNITED STATES DISTRICT COURT